The Western Union Telegraph Company *v.* Moss.

1. An agent of a telegraph company has no right to substitute a free message from himself for a prepaid message furnished to him for transmission; and a subsequent return of the money and its acceptance by the person who paid it will not operate as a ratification of such substitution, without evidence showing that this person knew of the substitution at the time the money was refunded to him. In the present case the evidence fails to show such knowledge.

2. Where a telegraph company has incurred the statutory penalty for failure to transmit and deliver a message, merely refunding the

money received by it as prepayment for service never performed, will not bar an action for the penalty.

February 26, 1894.

Action for penalty. Before Judge GOBER. Cobb superior court. November adjourned term, 1892.

W. E. Moss sued the telegraph company for the penalty prescribed for failure to transmit and deliver the following message : " Oakdale, Ga., October 10th, 1891. To Dr. T. J. Moss, Mableton, Ga. Come to Oakdale at once to see my child." · According to plaintiff's testimony, this message was written and signed by him, and he delivered it to Walker, the company's operator at Oakdale. Plaintiff asked him what were the charges, and he said 25 cents, which sum was handed him by plaintiff, and he thereupon sent off the message. This was at half past three o'clock in the afternoon. Walker said he would get plaintiff an answer directly, and plaintiff sat down and waited. The operator answered, " Dr. Moss will be there as soon as he can get there." Dr. Moss testified that he received no telegram from plaintiff on October 10th, 1891. Was absent from his home at Mableton in the afternoon, and returned at seven o'clock, or later, when his wife informed him that a message had been brought to her addressed to him and signed E. A. Walker, saying, " Come to Oakdale at once." Witness had been to Oakdale that day to this child. He did not go in response to the message of which his wife told him. On the next morning before day plaintiff came after him, and they returned to Oakdale, reaching there about eight o'clock. Witness saw Walker and had a conversation with him, in which Walker stated that he had " read that message over all right." His wife was present and asked him if he signed that message, and he said, " Yes, I made that over all right." He handed witness the 25 cents and told him to give it to plaintiff, that he had saved him that much,

that he got from him a dead-head message over the block wires used for the trains between Austell and Atlanta. The money was delivered by witness to plaintiff.

The jury found for the plaintiff, and defendant's motion for a new trial was overruled. The motion alleged, beside the general grounds, that the court erred in not charging the jury, that if the message was sent "dead-head" and plaintiff's money was returned and he accepted it, he ratified the act of the telegraph agent.

BIGBY, REED & BERRY and CLAY & BLAIR, for plaintiff in error. W. R. POWER, *contra.*

BLECKLEY, Chief Justice.

1. The default chargeable to the company was not a mere error in transmission, but a total failure to transmit and deliver the message which was intrusted to it. The agent, whether actuated by a motive of kindness or any other, had no right to substitute a free message of his own for that which he had received for transmission and which was paid for in advance. True it is that this substitution was capable of ratification, but no ratification could result from an act done without knowledge of the thing to be ratified. Though the evidence rendered it certain that the money prepaid as compensation for sending the message over the wires and delivering it at destination was refunded shortly after the substitution of the one message for the other took place, this without proof that the money was received and accepted with knowledge of the substitution would not suffice to establish ratification. And the evidence wholly failed to show such knowledge.

2. If the company incurred the statutory penalty, there was no remission of the penalty by receiving back the money which had been paid to the company for service which it never performed. It could not cancel the penalty by merely refunding this money. Had there been

some express agreement amounting to an accord, and the refunded money had been received in satisfaction, the penalty might have been released or discharged. But no such agreement appears. Merely refunding the money by the one party and receiving it back by the other did not constitute any bar to the action. *Western Union Telegraph Company* v. *Taylor*, 84 *Ga.* 408, citing W. U. Tel. Co. *v.* Buchanan, 35 Ind. 430.

*Judgment affirmed.*